UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE UNION LABOR LIFE INSURANCE
COMPANY,
          Plaintiff

    v.                                                C.A. No. 15-152-ML

J. BRIAN O'NEILL,
          Defendant

**ORDER**

This matter is before the Court on review of a Report and Recommendation ("R&R") issued by Magistrate Judge Sullivan on October 25, 2016 (ECF No. 34). Because the Defendant filed a timely objection to the R&R, the Court reviews *de novo* those portions of the R&R to which an objection has been made. See Fed. R. Civ. P. 72(b). The Court has thoroughly reviewed and considered the R&R, the Defendant's objection thereto (ECF No. 35-1), and the Plaintiff's response (ECF No. 36). Having done so, the Court now adopts the R&R in its entirety. Accordingly, the Defendant's motion for partial summary judgment on Counts I and II as to liability is GRANTED.

**I. Factual Background and Procedural Summary**

The Plaintiff, The Union Labor Life Insurance Company ("ULLICO"), seeks payment under a Guaranty (the "Guaranty") executed by Defendant J. Brian O'Neill ("O'Neill") in his personal capacity in connection with a loan agreement (the "Loan Agreement")

1

between ULLICO and two companies (the "O'Neill Companies") of which O'Neill is the principal. The Loan Agreement served to refinance the development and marketing of a condominium high-rise (the "Property") in Portsmouth, Rhode Island in 2012.

On April 10, 2014, after the O'Neill Companies defaulted on the Loan Agreement, ULLICO and O'Neill, together with the O'Neill Companies and another O'Neill entity (together with the O'Neill Companies, the "O'Neill Entities"), executed a forbearance agreement (the "Forbearance Agreement") to extend the term of the Loan Agreement and to afford the O'Neill Companies the opportunity to sell the Property and repay the loan. Shortly thereafter, the O'Neill Entities failed to make an April 30, 2014 real estate tax payment as required under the Forbearance Agreement. The failure to make the tax payment constituted a default. ULLICO took title to the Property and demanded payment from O'Neill under the Guaranty and the Forbearance Agreement, which O'Neill refused.

On April 16, 2015, ULLICO brought claims against O'Neill for breach of guaranty (Count I), breach of the Forbearance Agreement (Count II), and breach of the covenant of good faith and fair dealing (Count III). The parties engaged in, at times, contentious discovery proceedings. On April 15, 2016, the Court granted the parties' joint motion for an extension of time to complete discovery, extending factual discovery to August 28, 2016, expert discovery to December 19, 2016, and re-setting the deadlines for

the filing of dispositive motions to January 18, 2017. April 15, 2016 Order (ECF No. 21).

On May 31, 2016, ULLICO filed a motion for partial summary judgment on liability (ECF No. 22). O'Neill responded with an objection on July 18, 2016 (ECF No. 24), to which ULLICO filed a reply on August 9, 2016 (ECF No. 26). On August 22, 2016, the parties filed a joint motion (ECF No. 30) to stay discovery and further extend the case management deadlines. The joint motion states that resolution of Plaintiff's summary judgment motion would "determine whether there is any further need for discovery on liability issues or only potentially Plaintiff's alleged damages." Joint Motion at 2. The Court granted the motion on August 23, 2016. August 23, 2016 Order (ECF No. 31).

Following a hearing on September 21, 2016, Magistrate Judge Sullivan issued a detailed and well-reasoned R&R, in which she recommended that ULLICO's motion for partial summary judgment be granted. On November 8, 2016, O'Neill filed a timely objection to the R&R, to which ULLICO filed a response in opposition on November 22, 2016.

**II. Standard of Review**

The Court, in considering a motion for summary judgment, reviews the record "in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor." Merchants Ins. Co. of New Hampshire, Inc. v. U.S. Fidelity and Guar. Co., 143

F.3d 5, 7 (1st Cir. 1998)(citing Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997)).

ULLICO, as the party seeking summary judgment, bears the burden of establishing the lack of a genuine issue of material fact. Merchants Ins. Co. of New Hampshire, Inc. v. U.S. Fidelity and Guar. Co., 143 F.3d at 7. "Once such a showing is made, 'the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in [its] favor.'" Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016) (quoting Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir.2010)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Prescott v. Higgins, 538 F.3d 32, 40 (1st Cir. 2008) (citations omitted). "A fact is material if it has the potential of determining the outcome of the litigation." Id. (quoting Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008)).

### III. Discussion

O'Neill's objections to the R&R echo his arguments opposing

ULLICO's motion for partial summary judgment. Specifically, O'Neill contends that (1) ULLICO waived the O'Neill Entities's obligation to pay real estate taxes on April 30, 2014; (2) O'Neill's request for additional discovery pursuant to Fed. R. Civ. P. 56(d) should have been granted; and (3) the Forbearance Agreement did not become effective until (one day) after the real estate taxes had become due. The Court will address O'Neill's arguments in that order.

O'Neill's waiver argument is based on an e-mail sent by ULLICO's counsel on July 28, 2014, noting that "the forbearance period expired on July 18 [2014]." July 28, 2014 e-mail (ECF 24-1). The e-mail included an offer to extend the forbearance period to August 31, 2014, on the condition that "your client pays the March real estate taxes by August 15." Notwithstanding this offer, the e-mail also explicitly stated that "ULLICO continues to reserve all rights and remedies." Id.

Under Rhode Island law[1], a waiver is "'the voluntary, intentional relinquishment of a known right.'" Tidewater Realty, LLC v. State of Rhode Island and Providence Plantations, 942 A.2d 986, 995 (R.I. 2008)(quoting Lajayi v. Fafiyebi, 860 A.2d 680, 687 (R.I.2004)). An implied waiver of a legal right "must be proved by a clear, unequivocal, and decisive act of the party who is alleged

---

[1] The Loan Agreement, the Guaranty, and the Forbearance Agreement are all governed by and construed in accordance with Rhode Island Law.

to have committed waiver." <u>Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.</u>, 890 A.2d 58, 65 (R.I. 2005)(quoting <u>Ryder v. Bank of Hickory Hills</u>, 146 Ill.2d 98, 165 Ill.Dec. 650, 585 N.E.2d 46, 49 (1991)). The burden falls on O'Neill, as the party claiming a waiver, to "produce evidence demonstrating the existence of an issue of fact concerning the voluntary relinquishment of a known right." <u>Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.</u>, 890 A.2d at 65.

The Forebearance Agreement clearly limits waivers and other modifications to a written agreement signed by all the parties, and it explicitly addresses the issue of waiver in two separate sections. Forbearance Agreement at Sections 1.10, 16.2. (ECF No. 22-7). Under the terms of the Forbearance Agreement, neither ULLICO's e-mail offering to extend the forbearance period, nor ULLICO's delay in recording the Property after termination of the forbearance period constitute a clear and unequivocal waiver. Rather, the e-mail expressly reserves all of ULLICO's rights and remedies. In the absence of a written, signed agreement by the parties indicating that ULLICO waived the default after the O'Neill Entities failed to make the April 30, 2014 real estate tax payment, O'Neill cannot meet his burden to prove otherwise.

O'Neill's second argument relates to Magistrate Judge Sullivan's rejection of O'Neill's request for additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure,

6

which permits the Court to deny or postpone ruling on a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This argument, first raised in O'Neill's objection to ULLICO's motion for partial summary judgment filed on July 18, 2016 (ECF No. 24) appears to be in clear contravention of the parties' joint motion to stay discovery filed on August 22, 2016 (ECF No. 30). That joint motion confirms that (1) the parties "have completed briefing on [ULLICO's] motion;" (2) the parties have made "diligent, sustained and reasonable efforts and progress towards completing discovery;" and (3) the parties have exchanged initial disclosures, produced actual documents they identified, answered any written discovery, and responded to requests for production with "thousands of pages of responsive documents." Joint Motion at 2. Although the joint motion refers to O'Neill's contention that "discovery is necessary to support his affirmative defenses," the motion is not specific as to what further discovery O'Neill might require, nor does it clarify why O'Neill would indicate his agreement that the resolution of ULLICO's motion for partial summary judgment would "determine whether there is any further need for discovery." Id.

Rule 56(d) requires the party opposing summary judgment to make a sufficient proffer. The proffer "'should be authoritative; it should be advanced in a timely manner; and it should explain why

the party is unable currently to adduce the facts essential to opposing summary judgment.'" <u>In re PHC, Inc. Shareholder Litigation</u>, 762 F.3d 138, 143 (1st Cir. 2014)(quoting <u>Resolution Trust Corp. v. North Bridge Associates, Inc.</u>, 22 F.3d 1198, 1203 (1st Cir. 1994)). In connection with allegedly incomplete discovery, the party's explanation must "show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." <u>Resolution Trust Corp v. North Bridge Associates, Inc.</u>, 22 F.3d at 1203.

The declaration provided by O'Neill's counsel in support of his opposition to the summary judgment motion recounts, in some detail, the discovery process in which the parties engaged. *Inter alia,* the declaration acknowledges that ULLICO produced more than 5,000 pages of documents in March 2016. Declaration at 2 (ECF No. 24-2). After the parties filed a joint motion on April 15, 2016 to extend case management deadlines, O'Neill's previous counsel suffered a medical emergency. Six weeks later, ULLICO filed its motion for partial summary judgment.

Although the declaration broadly asserts that "document discovery is incomplete," it offers no further explanations as to which relevant facts O'Neill believes existed or how such facts

8

would impact the outcome of the pending motion. Moreover, that assertion is entirely inconsistent with the parties' subsequent joint motion to stay all discovery until ULLICO's motion had been determined by the Court. As noted by Magistrate Judge Sullivan, R&R at 22, and by ULLICO in its response to O'Neill's objection to the R&R, ULLICO's Obj. at 2, at the September 21, 2016 hearing, O'Neill's counsel was given numerous opportunities to specify which further discovery he deemed necessary to address ULLICO's motion. O'Neill does not dispute that assertion in his objection, nor does he offer any additional details that would help satisfy the conditions under which a Rule 56(d) request may be granted.

O'Neill's final objection to the R&R relates to the date on which the Forbearance Agreement became effective. According to O'Neill, effectiveness of the Forbearance Agreement was conditioned on delivery of three documents to ULLICO that were not provided by the O'Neill Entities until May 1, 2014, one day after the April 30, 2014 real estate tax payment had become due. Accordingly, O'Neill argues that failure to make such tax payments could not result in a default of the Forbearance Agreement prior to its taking effect.

This argument, too, cannot withstand ULLICO's motion for partial summary judgment. As O'Neill has conceded, "most of the documents required as conditions precedent were delivered to ULLICO's counsel on April 29, 2014." O'Neill Obj. at 9. O'Neill suggests, however, that the delay in delivering three additional

9

documents also resulted in delaying the effectiveness of the Forbearance Agreement. Leaving aside the question whether the O'Neill Entities could avoid making a timely tax payment by delaying their delivery of documents as required under the Forbearance Agreement, the plain language of that agreement does not bear out O'Neill's contention.

All documents, delivery of which was required as a condition precedent before the Forbearance Agreement took effect, are listed in Section 3.1 therein, which addresses conditions precedent. Forbearance Agreement at 7. It is undisputed, and O'Neill does not assert otherwise, that all documents required under Section 3.1 were delivered to ULLICO on April 29, 2014, one day <u>before</u> the real estate taxes were due. By contrast, the three documents provided on May 1, 2014, one day <u>after</u> the taxes were due, are specified in Section 14(a) and, while delivery of those documents was a contractual obligation, it was not a condition precedent to the Forbearance Agreement taking effect. It is also noted that O'Neill's current interpretation is inconsistent with the O'Neill Entities' April 29, 2014 request to receive a protective advance from ULLICO, the denial of which O'Neill later characterized as a breach of the Forbearance Agreement by ULLICO. No support was provided for such a contention.

In sum, none of O'Neill's objections can withstand ULLICO's motion for partial summary judgment. All conditions precedent for

effectiveness of the Forbearance Agreement were met on April 29, 2014. The O'Neill Entities' failure to make the April 30, 2014 real estate tax payment was in breach of the Forbearance Agreement, which breach was not effectively waived by ULLICO. Accordingly, ULLICO's motion for partial summary judgment on Counts I and II, on liability only, is GRANTED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Senior United States District Judge

January 3, 2017