```
                     UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
THE UNION LABOR LIFE INSURANCE     )
COMPANY,                           )
                                   )    C.A. No. 15-152 WES
          Plaintiff,               )
                                   )
     v.                            )
                                   )
J. BRIAN O'NEILL,                  )
                                   )
          Defendant.               )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

On July 24, 2018, the Court granted plaintiff Union Labor Life Insurance Company ("ULLICO") summary judgment on damages in the amount of $2,698,266.45 plus reasonable "costs, fees, and expenses" as required by the parties' Forbearance Agreement. (Mem. & Order 10, ECF No. 72.) ULLICO has since filed a motion specifying $113,247.50 as the total of these "costs, fees, and expenses," and asks the Court for that sum. (Pl.'s Mot. for Suppl. "Costs, Fees and Expenses" 1, ECF No. 75.) Defendant J. Brian O'Neill does not contest the motion. (Def.'s Mem. of Law in Opp. to Pl.'s Mot. ("Def.'s Opp.") 1-2, ECF No. 85.) So the Court – itself having no issue with ULLICO's request – GRANTS it.

ULLICO has also moved for an award of prejudgment interest (Pl.'s Mot. for Entry of Final J. and Prejudgment Interest ("Pl.'s Mot.") 1, ECF No. 82) pursuant to R.I. Gen. Laws Section 9-21-10(a), which instructs the clerk to add interest at the rate of 12 percent per year

to any award of "pecuniary damages." "The dual purpose of prejudgment interest," the Rhode Island Supreme Court has explained, "is to encourage early settlement of claims and to compensate an injured plaintiff for delay in receiving compensation to which he or she may be entitled." Metro. Prop. & Cas. Ins. Co. v. Barry, 892 A.2d 915, 919 (R.I. 2006).

ULLICO calculates that it is due $1,078,794.30 in prejudgment interest as of August 27, 2018, plus $843.45 per day thereafter until judgment enters. (Pl.'s Mot. 1.) O'Neill argues that ULLICO is not due a cent of prejudgment interest, and that even if interest is in order, it should not be applied to ULLICO's attorneys' fees. (Def.'s Opp. 2-7.) The Court retires each of O'Neill's contentions in turn.

O'Neill's argument for why there should be no prejudgment interest whatever awarded rests on an exception in Section 9-21-10(a) that the statute "shall not apply . . . to any contractual obligation where interest is already provided." R.I. Gen. Laws § 9-21-10(a). He maintains that because the parties' agreements provide for interest in the case of a "Full Recourse Event," but not for the lesser forms of breach found here, interest has been implicitly provided for the latter – at a rate of zero. (See Pl.'s Statement of Undisputed Facts ("PSUF") Ex. 2 at 3, ECF No. 56-2 (defining "Full Recourse Event" to encompass, inter alia, an instance of "fraud or intentional material misrepresentation made by [O'Neill and the various entities he controlled]").)

2

The problem for O'Neill is that the expressio unius canon – "expressing one item of an associated group or series excludes another left unmentioned" – he uses as the main support for his argument applies only when "circumstances support a sensible inference that the term left out must have been meant to be excluded." N.L.R.B. v. SW Gen., Inc., 137 S. Ct. 929, 940 (2017) (alteration and quotation marks omitted).  His argument fails, then, because the inference O'Neill draws – from the fact that interest is provided in the case of a Full Recourse Event – that when, as here, a non-Full-Recourse-Event breach occurs, the parties meant to preclude the normal operations of Section 9-21-10(a) is not sensible:  it is, in effect, asking for a determination that the parties "already provided" for interest by not providing for interest.  The exception to Section 9-21-10(a) is inapplicable; ULLICO is owed prejudgment interest.

Including on its attorneys' fees.  Section 9-21-10(a) requires – "there shall be added" – that prejudgment interest accrue to any award of "pecuniary damages" resulting from "a verdict . . . or a decision made" "in any civil action."[1]  R.I. Gen. Laws § 9-21-10(a) (emphasis added); cf. Dairyland Ins. Co. v. Douthat, 449 S.E.2d 799, 801 (Va. 1994) (finding that the analogous statute in Virginia makes prejudgment interest discretionary).  And in fact a decision was made by the Court

---

[1] So while "prejudgment interest on attorneys' fees is clearly not the norm" in other contexts, Sherwood Brands of R.I., Inc. v. Smith Enters., No. Civ.A. 00-287T., 2003 WL 22061871, at *2 (D.R.I. Mar. 31, 2003) (quotation marks omitted), Section 9-21-10(a) makes such interest not only typical but almost without exception in Rhode Island, when, as here, the fees are an element of damages.

3

to award ULLICO attorneys' fees as part of the damages award on summary judgment. (Mem. & Order 5 n.2); cf. Compania Sud Americana de Vapores S.A. v. Glob. Terminal & Container Servs., LLC, No. 09 Civ. 7890(PAC)., 2013 WL 5754391, at *2 (S.D.N.Y. Oct. 23, 2013) ("In granting summary judgment, this Court determined that there existed no genuine dispute of material fact that [plaintiff] was entitled to damages, including reasonable attorney's fees.").

This decision was the result of the requirement – repeated in the parties' agreements – that O'Neill pay the attorneys' fees ULLICO expended in enforcing its contractual rights. For example, the Forbearance Agreement breached by O'Neill stipulated that he agreed "to pay all costs, fees and expenses of [ULLICO] (including attorneys' fees) . . . expended . . . by [ULLICO] in connection with . . . enforcement of this Agreement" and others the parties had entered. (PSUF Ex. 3 at 20.) Moreover, that these attorneys' fees could be part of ULLICO's damages – as opposed to something mechanically tacked on post-judgment – is countenanced by Rhode Island Law. See Mortg. Guarantee & Title Co. v. Cunha, 745 A.2d 156, 160 (R.I. 2000) (acknowledging claim "for attorneys' fees as part of the claim for damages"); Scully v. Matarese, 422 A.2d 740, 741 (R.I. 1980) ("[I]t is well settled that attorney's fees may not be awarded as a separate item of damages <u>in the absence of contractual or statutory authorization</u>." (emphasis added)).

This Court, incidentally, made a similar decision in Pride Hyundai, Inc. v. Chrysler Fin. Co., 355 F. Supp. 2d 600 (D.R.I. 2005).

There, the parties' agreement said that the counterclaim party – who ended up prevailing – was entitled to "all expenses . . . including reasonable attorneys' fees . . . in connection with [its] exercise of any of its rights . . . under [the parties'] Agreement." Pride Hyundai, 355 F. Supp. 2d at 604. The Court found that this provision made attorneys' fees an element of damages, in other words, that counterclaimant "had the burden of proving at trial that it was contractually entitled to those fees it sought in its counterclaim." Id. at 605-06; see also Rockland Tr. Co. v. Comput. Associated Int'l, Inc., No. 95-11683-DPW., 2008 WL 3824791, at *5 (D. Mass. Aug. 1, 2008) ("[W]hen a party seeks attorney's fees stemming from a breach of contract, courts have found the issue of attorney's fees to be an element of damages."). Because the counterclaimant failed to carry this burden, however, the Court denied it an opportunity to move for attorneys' fees after judgment, as a "collateral matter," under Federal Rule of Civil Procedure 54. Pride Hyundai, 355 F. Supp. 2d at 603, 606-07; compare Fed. R. Civ. P. 54(d)(2)(A)-(B) ("A claim for attorney's fees . . . must be made by motion . . . no later than 14 days after the entry of judgment"), with Fed. R. Civ. P. 54, Advisory Committees Notes, 1993 Amendment ("[Rule 54(d)(2)(A)] does not . . . apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." (emphasis added)).

5

ULLICO – unlike the counterclaimant in Pride – met its burden of proving attorneys' fees as an element of its contract damages. (See Mem. & Order 5 n.2.)  Section 9-21-10(a) attaches interest to these damages, as it does to every component of ULLICO's award.  O'Neill has not disputed – and the Court sees no reason to gainsay – ULLICO's interest calculation, which adds $1,078,794.30 to the $2,811,513.95[2] already awarded, plus $843.45 per day from August 27, 2018, to today's date.  (Pl.'s Mot. 1.)  Therefore, final judgment shall enter for ULLICO pursuant to Federal Rule of Civil Procedure 58, in the amount of $3,942,602.15.[3]  But not before the Motion to Withdraw (ECF No. 73) filed by O'Neill's counsel is GRANTED.

IT IS SO ORDERED.

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date:  October 29, 2018

---

[2] That is, the $2,698,266.45 awarded on summary judgment plus the $113,247.50 granted above.

[3] The sum of $1,078,794.30, $2,811,513.95, and $52,293.90 ($843.45 multiplied by 62).